IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abdulla Qasem Muthana,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Katrina S. Kane,<br><br>　　　　Respondent. | CIV-12-0032-PHX-PGR (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE PAUL G. ROSENBLATT, UNITED STATES DISTRICT JUDGE:

Petitioner Abdulla Qasem Muthana (A041-982-561), who is confined in the Eloy Detention Center in Eloy, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Petitioner alleges that immigration officials are holding him in detention pending his removal to Yemen. Petitioner argues that he is entitled to release from custody because his detention with no prospect that his removal will be effected in the reasonably foreseeable future is not authorized by law. See Zadvydas v. Davis, 533 U.S. 678 (2001) (when there is no reasonable likelihood that a foreign government will accept an alien's return in the reasonably foreseeable future, the INS may not detain the alien for more than the presumptively reasonable period of six months); see also Clark v. Martinez, 543 U.S. 371 (2005) (extending the holding in Zadvydas to inadmissible aliens).

The docket reflecting that Petitioner is no longer in custody (Doc. 6), and it appearing that there is no longer a live case or controversy in this matter, the Court required Petitioner to show cause why this action should not be dismissed as moot. Petitioner has not responded

1  or otherwise communicated with the Court. In addition, on March 14, 2012, Respondent
2  filed a Notice and Suggestion of Mootness with the Court demonstrating that Petitioner was
3  removed from the United States on February 27, 2012, pursuant to the Government's Order
4  of Removal.

5  Accordingly, in light of Petitioner's removal and it appearing that no case or
6  controversy remains, the Court will recommend that Petitioner's Petition for Writ of Habeas
7  Corpus be dismissed as moot.

8  **IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of
9  Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED** as moot and without
10  prejudice.

11  This recommendation is not an order that is immediately appealable to the Ninth
12  Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
13  Appellate Procedure, should not be filed until entry of the district court's judgment. The
14  parties shall have fourteen days from the date of service of a copy of this recommendation
15  within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1);
16  Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen
17  days within which to file a response to the objections. Failure timely to file objections to the
18  Magistrate Judge's Report and Recommendation may result in the acceptance of the Report
19  and Recommendation by the district court without further review. See United States v.
20  Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any
21  factual determinations of the Magistrate Judge will be considered a waiver of a party's right
22  to appellate review of the findings of fact in an order or judgment entered pursuant to the
23  Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

24  DATED this 26th day of March, 2012.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge